IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SEAN T. BRENNAN JR, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV350 |
| | ) | |
| V. | ) | |
| | ) | |
| STATE OF OR STATE WITH NEBRASKA, and FEDERAL LAW OF THE UNITED STATES, | ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## II. DISCUSSION

Summary dismissal of Plaintiff's Complaint is warranted for several reasons. Plaintiff names "(State of or State With) Nebraska" and "Federal Law of the United States" as defendants. (Filing No. 1.) The identities of the named defendants are unclear and/or improper. *See Tyler v. The Term Limit Statute of the State of Nebraska, No. 8:08CV129, 2008 WL 2129828, *2 (D. Neb. May 19, 2008)* ("Claims asserted pursuant to 42 U.S.C. § 1983 must be asserted against a person. A statute is not a person under 42 U.S.C. § 1983"). Also, even liberally construed, Plaintiff's Complaint does not contain sufficient allegations to state a claim. The statement of the claim only lists the following: (1) lack of housing, (2) lack of food, (3) lack of job resources, and (4) lack of employment. (Filing No. 1 at CM/ECF p. 5.) As relief, Plaintiff seeks "welfare benefits." (*Id.* at CM/ECF p. 6.) The allegations contained in the Complaint are wholly insufficient to state a claim.

IT IS ORDERED that Plaintiff's Complaint is dismissed without prejudice. Judgment will be entered by separate document.

DATED this 26th day of July, 2016.

BY THE COURT:

S/ *Richard G. Kopf*
Senior United States District Judge

2